ANGELINE MATHIAS, Appellee, vs. THOMAS D. FULTON
        et al.—(A. H. MILLER, Appellant.)

*Opinion filed October 26, 1909.*

1. REAL PROPERTY—*possession of grantee is notice though deed
is not recorded.* Possession by a grantee under a deed conveying
title to him is notice of his rights though he fails to record the
deed, and a subsequent purchaser from the former owner takes
title subject to the rights of such prior grantee.

2. SAME—*when possession by grantee of fee is notice.* Where
a daughter purchases from a third person the fee of land in which
her mother has a life estate, and the mother releases, by parol, her
life estate to the daughter in consideration that the latter will
move upon the premises and improve the same, the moving upon
and improvement of the premises by the daughter constitute pos-
session such as is notice of her rights to persons dealing with her
vendor though her deed was not recorded.

APPEAL from the Circuit Court of Moultrie county; the
Hon. W. G. COCHRAN, Judge, presiding.

WALTER EDEN, and EDEN & MARTIN, for appellant:

An instrument first recorded takes priority, without re-
gard to the time of its execution. *Simmons* v. *Stern,* 104
Ill. 454; *Phillips* v. *South Park Comrs.* 119 id. 626.

A person's possession of land as tenant of another af-
fords no notice that he claims title to the premises. *Brad-
ley* v. *Luce,* 99 Ill. 234.

A parol partition, though followed by exclusive posses-
sion in accordance with the agreement of partition, does not
constitute color of title. *Sontag* v. *Bigelow,* 142 Ill. 143.

R. M. PEADRO, and M. A. MATTOX, for appellee:

Actual possession of premises under a deed is equivalent
to recording as notice. *Brown* v. *Welch,* 18 Ill. 343.

The possession of a tenant is sufficient. *Morrison* v.
*Morrison,* 140 Ill. 560; *Mallett* v. *Kaehler,* 141 id. 70;
*Whitaker* v. *Miller,* 83 id. 381.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of Moultrie county by Angeline Mathias against Thomas D. Fulton, Joseph A. Miller and A. H. Miller to cancel a deed from Fulton to Joseph A. Miller and a deed from Joseph A. Miller to A. H. Miller as a cloud upon the title of Angeline Mathias to an eighteen-acre tract of land situated in said county. Answers and replications were filed and the cause was referred to the master in chancery to take the evidence and report his conclusions as to the law and the facts. The evidence was taken and the master filed a report, in which he recommended that the relief prayed for in the bill be granted. Objections were filed with the master and renewed as exceptions in the circuit court and overruled, and a decree was entered setting aside and canceling the deeds from Fulton to Joseph A. Miller and from Joseph A. Miller to A. H. Miller, and an appeal has been prosecuted by A. H. Miller to this court to reverse said decree.

It appears from the pleadings, evidence and master's report that Thomas D. Fulton, on the sixth day of December, 1895, was the owner of said premises in fee, subject to a life estate therein in Cassander E. Berry, the mother of Angeline Mathias. On that day Fulton sold and conveyed said premises to Angeline Mathias for the sum of $540, which was paid by Angeline Mathias to Fulton, and Cassander E. Berry released to her daughter, by parol, her life estate in said premises in consideration that her daughter would move upon the said premises and improve the same; that shortly thereafter Angeline Mathias and husband erected a dwelling house, barn and fences upon said premises, and occupied the said premises, by themselves or their tenants, until the time this bill was filed; that the deed for said premises from Fulton to Angeline Mathias upon its execution was delivered and remained in her possession until the date of the trial but was not recorded until some twelve years after its delivery; that on the 18th

day of December, 1907, Thomas D. Fulton conveyed said premises by a quit-claim deed to Joseph A. Miller, and a few days later Joseph A. Miller conveyed said premises by a quit-claim deed to appellant, A. H. Miller, which deeds were recorded and are the deeds sought to be canceled.

The law in this State is well settled that where a party receives a deed and takes possession of the land conveyed thereby his possession is notice to subsequent purchasers of his rights although he fails to record his deed, and if a subsequent purchaser deals with the former owner of the land he does so at his peril, and will take title subject to the rights of the prior purchaser who has taken possession under his deed. (*Brown* v. *Welch,* 18 Ill. 343; *Whitaker* v. *Miller,* 83 id. 381; *Morrison* v. *Morrison,* 140 id. 560; *Mallett* v. *Kaehler,* 141 id. 70.) We think, therefore, the trial court properly held that the conveyances from Fulton to Joseph A. Miller and from Joseph A. Miller to A. H. Miller were void as against Angeline Mathias.

Finding no reversible error in this record the decree of the circuit court will be affirmed.

*Decree affirmed.*